LEON L. COBB, ALSO KNOWN AS LAWRENCE L. COBB, INDIVIDUALLY AND ON BEHALF OF ALL OF THE HEIRS OF MYRTLE B. ANDERSON v. CITY OF WILLMAR AND OTHERS.

242 N. W. 2d 83.

April 30, 1976—Nos. 45657, 45839.

*Gordon C. Moosbrugger,* for appellant.

*Hulstrand, Anderson & Larson* and *Ronald C. Anderson,* for respondents.

PER CURIAM.

This is an action to recover damages to real and personal property caused by defendant city's allegedly unlawful demolition of a dwelling house and garage. Defendants[1] claim that the state owned the property by virtue of a forfeiture for nonpayment of taxes, and that the state, through action of the county board, gave the city permission to raze

---

[1] Certain city employees were also named defendants.

the buildings. Plaintiff basically claims that defendants acted improperly because the forfeiture proceedings were invalid, and because, in any event, the county board had given him the right to repurchase the property when defendants demolished the buildings and allegedly destroyed personal property contained in them. The trial court granted defendants summary judgment as to the real property claims and judgment of dismissal for failure to prosecute the personal property claims. We reverse and remand.

The real property in question was first listed as tax-delinquent for taxes for the year 1962 and was bid in by the state at a tax sale in 1964. Myrtle Anderson, the owner of the property, died on March 22, 1969, leaving six children, including plaintiff, but no will. On June 10, 1969, the county auditor gave notice that time for redemption from sale would expire 60 days after proof of notice and filing of proof. On June 23, 1969, the sheriff's return was filed in the auditor's office stating that diligent search and inquiry were made for purposes of serving notice of expiration of redemption and that the property was vacant and unoccupied. Plaintiff claims that he was living in the house at this time.

After the time for redemption had expired and absolute title had vested in the state, the city got permission from the county board to remove the buildings from the land on the ground that they were a hazard to the public health and safety.[2] Acting pursuant to this authority, the city razed the house and garage. The city's employees moved plaintiff's possessions to a place to which plaintiff directed them, but plaintiff claims that not all of his personal property was moved there and seeks damages for conversion.

Plaintiff contends basically that at all relevant times he occupied the property lawfully and under Minn. St. 281.23, subd. 5, should have been given actual notice of the expiration of redemption. He claims that, because he did not receive actual notice, the forfeiture proceedings were jurisdictionally defective—see, Nygren v. Patrin, 288 Minn. 54, 179 N. W. 2d 76 (1970)—and that therefore the city and its employees acted as trespassers when they destroyed the house and garage and removed his personal property, entitling him to damages for wrongful eviction.

After careful consideration we conclude that the trial court erred in basing summary judgment on the theory that the forfeiture proceedings were valid. Whether or not plaintiff was an occupant of the property entitling him to actual notice of expiration of redemption is a fact

[2] See, Minn. St. 463.151 and Opinion Attorney General, No. 59a-35, May 24, 1968, authorizing a county board to give consent (on behalf of state) to removal of hazardous buildings on tax-forfeited lands.

464

question which the trial court could not decide on a motion for summary judgment. Since the court could not decide this fact question, it could not conclude that the forfeiture proceedings were valid. Therefore, summary judgment on this ground was inappropriate.

It may be that the trial court could have based summary judgment on other grounds, specifically, either the running of the statute of limitations, Minn. St. 284.28, subd. 1(a), or plaintiff's failure to tender payment of delinquent taxes prior to bringing suit, § 284.10. Defendants raised both of these issues in their answer, but the trial court apparently did not rule on them. We believe plaintiff and defendants should be given an opportunity to be heard on these issues before any decision is made as to their applicability.

Reversed and remanded.